**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| **MINNESOTA MINING AND MANUFACTURING COMPANY and RIKER LABORATORIES, INC.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **Case No. 00-CV-2022 JRT/FLN** |
| **BARR LABORATORIES, INC.** | ) | |
| **Defendant.** | ) | |

**PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all parties, by their attorneys, agree that all discovery and other materials exchanged by the parties, non-parties or filed with the Court in the above-captioned action shall be provided subject to the following conditions:

1. Any party or non-party may designate as "CONFIDENTIAL PURSUANT TO COURT ORDER" all or any part of any discovery and other materials exchanged by the parties or filed with the Court, including without limitation, documents and things, pleadings, motions, interrogatory answers, answers to deposition questions, and responses to requests for admission, which contain sensitive financial, patent, trademark, copyright, trade secret, marketing, customer, research, or product development information, or any other document or thing containing other information of such a nature as to be protectable under Rule 26(c)(7) of the Federal Rules of Civil Procedure. Except as set forth in paragraph 6, such designations shall be made by stamping the document "CONFIDENTIAL PURSUANT TO COURT ORDER" and shall be as specific as the context of the information reasonably permits so as not to include non-confidential information. All such designated discovery and other materials are referred to

FILED OCT 23 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

herein as "Confidential Material." Notwithstanding such designation, Confidential Material does not include information obtained independent of any party to this litigation as to which no obligation of confidentiality applies.

2. Confidential Material shall be revealed only to Qualified Persons (defined in paragraph 3 below), their clerical, support and secretarial staffs, paralegals, and assistants and used only for preparation and trial of this action. Confidential Material may not be used for any other purpose, or in any other litigation.

3. Confidential Material may be disclosed only to the following Qualified Persons:

a. For Confidential Material designated CONFIDENTIAL PURSUANT TO COURT ORDER:

i. Outside counsel of record in Case No. 00-2022 (JRT/FLN), and their members and associate attorneys, paralegals and staff (collectively, "Outside Counsel"), and in-house counsel who serve in a party's legal department, as well as their office staffs working on this case (collectively, "In-House Counsel");

ii. Subject to paragraph 4 below, experts and third party technical service contractors who are not presently employees of either party, or of any predecessor, parent or related company of either party, who are requested by Outside Counsel of the receiving party to furnish technical or expert services in connection with this litigation.

iii. Third party contractors involved solely in providing litigation support services to Outside Counsel.

iv. The Court and its personnel.

v. An officer before whom a deposition is taken, including any stenographic reporter.

vi. Any other person agreed to by the parties or allowed by the Court.

b. Before any disclosure of Confidential Material of the producing party is made to an individual pursuant to paragraphs 3(a)(ii) and (vi), Outside Counsel for the receiving party shall: provide the individual with a copy of this Order; explain its terms; and obtain the individual's written agreement, in the form of Attachment A hereto, to comply with and be bound by its terms. Copies of all written commitments in the form of Attachment A shall be provided to the producing party at the conclusion of this litigation, upon request.

4. No Confidential Material shall be shown to an expert or third party technical service contractor pursuant to paragraph 3(a)(ii) until ten (10) days after the receiving party identifies in writing the individual to the producing party and provides the producing party with an executed Attachment A and a curriculum vitae. Such written notice shall be served on the producing party by next day courier. If the producing party, within ten (10) days of its receipt of written notice and an executed Attachment A, objects to such individual having access to any Confidential Material, the individual shall be barred from such access for a thirty (30) day period commencing with the receipt by the producing party of a copy of the executed Attachment A. If within that thirty (30) day period (i) the parties are unable to resolve their

differences, and (ii) the opposing party moves for a further protective order, then the Confidential Material shall not be provided to said individual except by further order of the Court.

5. Confidential Material may be disclosed to a witness at a deposition (a) if the witness is an officer, director, or employee of the party who produced such Confidential Material or (b) if the witness was formerly an officer, director, or employee of the party who produced such Confidential Material, and the Confidential Material existed during the period of his or her service or employment.

6. Each transcript of any deposition, including all exhibits thereto, shall be treated as CONFIDENTIAL PURSUANT TO COURT ORDER in its entirety for a period of twenty (20) days after such transcript is actually received by Outside Counsel for each of the parties. At the expiration of the said twenty (20) day period, unless notice hereunder to the contrary is given, the entire transcript, and all exhibits thereto, shall continue to be deemed CONFIDENTIAL PURSUANT TO COURT ORDER. Within that twenty (20) day period, however, each party may designate non-confidential passages in the transcript and/or non-confidential exhibits. It shall do so by notifying all parties, in writing, of specific pages and lines of the transcript to be either CONFIDENTIAL PURSUANT TO COURT ORDER or Non-Confidential. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody, or control. In the event of designations of different categories for the same text by different parties, the parties will confer to reach agreement on the appropriate category, as set forth in paragraph 1 hereof. Until the issue is resolved, the designated material shall be treated as CONFIDENTIAL PURSUANT TO COURT ORDER.

7. Nothing in this Order shall bar or otherwise restrict any Outside Counsel or In-House Counsel herein from rendering legal advice to his or her client with respect to this litigation and, in the course thereof, relying upon his or her examination of Confidential Material; provided, however, that in rendering such advice and in otherwise communicating with his or her client, such person shall not make any disclosure of Confidential Material to any person not entitled to have access to it.

a. The good faith designation by counsel of Confidential Material shall, without further proof, entitle such material to the protection of this Stipulated Protective Order. If such designation is questioned by any other party, then this Stipulated Protective Order shall be without prejudice to the right of either party to bring before the Court the question of whether same is or is not of a confidential nature. Inadvertent disclosure of Confidential Material, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed, if called to the attention of trial counsel for the receiving party promptly and prior to further dissemination to anyone on behalf of the receiving party.

b. All material filed with a court, which has previously been designated by a party as comprising or containing Confidential Material, shall be endorsed with the caption of the litigation; the words "CONFIDENTIAL MATERIAL" and "RESTRICTED ACCESS ACCORDING TO COURT ORDER" as an indication of the nature of the contents; and a statement in

substantially the following form: "This envelope, containing documents which are filed in this case by (name of party), is not to be opened nor are the contents thereof to be displayed or revealed except by order of the Court or consent of the parties."

c. The Clerk of the Court is directed to maintain under seal all material filed in this Court in this litigation which have been marked or designated, in whole or in part, "Confidential Material" in accordance with paragraphs 1 and/or 6 of this Order. Copies of any Confidential Material filed with the court prior to trial or received in evidence at trial of this action, and any other materials falling within the terms of this Order which are so designated at trial or at time of filing, shall be kept by the Clerk of the Court, until further order of the Court. Where possible only those portions of documents consisting of Confidential Material shall be filed in sealed envelopes.

8. If the receiving party disagrees with the confidential status of any document or other material, the receiving party may, after holding a meeting with the designating party, make a request of the Court by moving for an order removing it from the restrictions of the Protective Order. In the event that a party seeks discovery from a non-party to this suit, the non-party may invoke the terms of this Stipulated Protective Order on Confidentiality with respect to any Confidential Material provided to the parties by the non-party by so advising all parties to this suit in writing.

9. Within sixty (60) days of termination of this litigation, including any and all appeals therefrom, attorneys for the receiving party shall destroy all Confidential Material

received hereunder. All copies of Confidential Material received by others hereunder shall also be destroyed. Notwithstanding the foregoing, Outside Counsel for the receiving party may retain a copy of Confidential Material of a producing party, to the extent reflected or contained in such Outside Counsel's work product or in materials filed with the Court.

10. Prompt written notice shall be given to any party who produced Confidential Material hereunder, in the event that party's Confidential Material is sought by any person not a party to this litigation, by subpoena in another action or by service with any legal process. Any persons seeking such Confidential Material who take action to enforce such subpoena or other legal process shall be apprised of this Protective Order. Nothing herein shall be construed as requiring anyone covered by this Protective Order to contest a subpoena or other process, to appeal any order requiring production of Confidential Material covered by this Protective Order or to subject itself to penalties for non-compliance with any legal process or order.

11. In the event that Confidential Material designated by the producing party in accordance with paragraphs 1 and/or 6, above, is disclosed by the receiving party to any person other than the Qualified Persons defined in paragraph 3, above, or is disclosed in any manner or for any purpose inconsistent with the terms of this Order, the party responsible for the disclosure, within five (5) days of Outside Counsel's or In-House Counsel's awareness of such disclosure, must bring all pertinent facts relating to such disclosure to the attention of Outside Counsel for the producing party and without prejudice to the rights and remedies of the producing party, make every reasonable effort to prevent further disclosure of it and prevent further disclosure by each person who was the eventual recipient of the Confidential Material.

12. Inadvertent production of documents or information subject to the attorney-client privilege or work product immunity shall not constitute a waiver of such privilege. After receiving notice from the producing party that documents or information subject to the attorney-client privilege or work product immunity have been inadvertently produced, the receiving party shall not review, copy or disseminate such documents or information. The receiving party shall return such documents or information and any copies to the producing party immediately. The foregoing is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery.

13. Nothing in this protective order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

14. Nothing in this protective order shall prejudice the right of any party to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Confidential Information.

15. No part of the restrictions imposed by this Protective Order may be terminated, except by the written stipulation executed by counsel of record for each designating party or non-party, or by an Order of this Court for good cause shown. The termination of this civil action shall not automatically terminate the directives of this Protective Order.

IT IS SO ORDERED THIS 23rd DAY OF October, 2000

U.S. DISTRICT COURT MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

October 3, 2000

James F. Hurst
Christine J. Siwik
Christopher Shearer
WINSTON & STRAWN
35 West Wacker Drive
Chicago, IL 60601
(312) 558-5600

**ATTORNEYS FOR DEFENDANT BARR LABORATORIES, INC.**

October 6, 2000

Allen M. Sokal
Charles E. Lipsey
David S. Forman
Gregory A. Chopskie
FINNEGAN, HENDERSON, FARABOW GARRETT & DUNNER, L.L.P.
1300 I Street, NW, Suite 700
Washington, DC 20005-3315
(202) 408-4000

**ATTORNEYS FOR PLAINTIFFS MINNESOTA MINING AND MANUFACTURING COMPANY And RIKER LABORATORIES, INC.**

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| **MINNESOTA MINING AND MANUFACTURING COMPANY and RIKER LABORATORIES, INC.,** <br> **Plaintiffs,** <br> **v.** <br> **BARR LABORATORIES, INC.** <br> **Defendant.** | ) | **Case No. 00-CV-2022 JRT/FLN** |

**UNDERTAKING**

I, ________________________________, being duly sworn, state that:

(a) My present residential address is ______________________________________________________________________________.

(b) My present employer is ______________________________________________ and the address of my present employer is ______________________________________________.

(c) My present occupation or job description is ______________________________________________________________________________.

(d) I have received and carefully read the Court's Protective Order dated __________, 2000 and understand its provisions. Specifically, I understand that I am obligated, under order of the Court, to hold in confidence and not to disclose the contents of any document marked "CONFIDENTIAL PURSUANT TO COURT ORDER" to anyone other than those persons identified in paragraph 3 of the Protective Order. I further understand that I am not to disclose to persons other than those persons identified in paragraph 3 of the Protective Order any words, substances, summaries, abstracts or indices of confidential documents or transcripts disclosed to me. I will never use the information, directly or indirectly, in competition with the disclosing party nor will I permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

(e) At the termination of this action or at any time requested by counsel, I will return to counsel for the party by whom am I employed or to counsel by whom I am employed all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials including or reflecting Confidential Material which have come into my

possession, and will return all documents or things I have prepared relating to or reflecting such information.

(f) I understand that if I violate the provisions of this Protective Order, I will be in violation of a Court order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

____________________________________

SUBSCRIBED and SWORN to before me
this _______ day of _________________, 2000.

_______________________________________
Notary Public
My Commission Expires __________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

---

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **<u>confidential original</u>** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the <u>Clerk:</u>*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on <u>each</u> envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or <u>Magistrate Judge:</u>***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

B:\FORMS\PROTECOR.NOT
Rev. 3/98